```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

REBECCA HORTON,                    §
                                   §
          Plaintiff,               §
                                   §
v.                                 §     CIVIL ACTION NO. H-06-2638
                                   §
BRAND SCAFFORD SERVICES, LLC,      §
                                   §
          Defendant.               §
```

MEMORANDUM AND ORDER

Now pending are Plaintiff Rebecca Horton's Motion to Remand (Document No. 7) and Defendant Brand Scaffold Services, LLC's Motion to Dismiss and to Compel Arbitration (Document No. 5). Defendant has not responded to Plaintiff's Motion to Remand, and it is therefore deemed unopposed pursuant to Local Rule 7.4. After carefully considering the motion and the applicable law, the Court concludes that the case should be remanded.

I.  Background

Plaintiff, a former employee of Defendant, sues to recover damages for sexual harassment and employment discrimination in violation of the Texas Labor Code, negligent hiring and supervision, and intentional infliction of emotional distress. *See* Document No. 1 ex. A.  Defendant removed the case to federal court on diversity grounds pursuant to 28 U.S.C. § 1332.  *See* id. ¶ 8.

Though it is uncontested that the parties are diverse, the petition does not specify the amount in controversy. Plaintiff now moves to remand, relying on an uncontroverted post-removal stipulation that Plaintiff's damages are less than $75,000, exclusive of interest and costs. *See* Document No. 7 ¶¶ 6, 9; id. ex. A.

## II.  Standard of Review

A defendant may remove to federal court a civil action over which the federal court has diversity jurisdiction.  28 U.S.C. §§ 1332(a), 1441(b).  Federal district courts have diversity jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States. . . ." Id. at § 1332(a).  When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing jurisdiction and the propriety of removal rests upon the defendant.  Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992). Any doubt as to the propriety of the removal must be resolved in favor of remand.  *See* Walters v. Grow Group, Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

2

III. <u>Discussion</u>

Plaintiff moves to remand on the basis of a stipulation filed by her "that her damages are less than $75,000, excluding interest and costs." Document No. 7, ¶¶ 6, 9; ex. A ¶ 3. Ordinarily, a plaintiff's post-removal stipulation that damages will not meet the statutory minimum does not defeat federal jurisdiction. *See* <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 58 S. Ct. 586, 590-91 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880, 883 (5th Cir. 2000)("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."). However, when a petition is facially ambiguous, such stipulations or affidavits may be considered to clarify the amount in controversy at the time of removal. *See* <u>Gebbia</u>, 233 F.3d at 883 (recognizing the rule but affirming the trial court's disregard of a post-removal affidavit where it was facially apparent that plaintiff's claims exceeded $75,000); <u>Preece v. Physicians Surgical Care, Inc.</u>, No. Civ. A. H-06-0715, 2006 WL 1470268, at *2 (S.D. Tex. May 26, 2006) ("Although a unilateral, post-removal stipulation does not deprive the removal court of jurisdiction, a post-removal stipulation may be considered in

determining whether the case was removable if the stipulation is offered to clarify an ambiguous petition and is not offered to reduce the initial amount in controversy."). Remand is proper when

> (1) the complaint d[oes] not specify an amount of damages, and it [is] not otherwise facially apparent that the damages sought or incurred were likely above [the required amount]; (2) the defendants offer[ ] only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contest[ ] removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 566 (5th Cir. 1993), *cert den.* Dow Chemical Co. v. Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia, 114 S.Ct. 685 (U.S. 1994), *abrogated on other grounds by* Marathon Oil Co. v. Ruhrgas, 145 F.3d 211 (5th Cir. 1998).

Plaintiff's petition claims unquantified damages for (1) past and future lost wages, benefits, and employment opportunities; (2) severe emotional distress; (3) attorneys' fees; and (4) punitive damages. Plaintiff also seeks undefined injunctive relief. Document No. 1 ex. A ¶¶ 18-19, 26-28, 31, 34, 40-41, 43. Defendant in its notice of removal contends that "any number of the many claims asserted could potentially exceed the jurisdictional minimum independently." Document No. 1 ¶ 7. At least one court in the context of an employment discrimination case has relied on a

4

similar list of damages to conclude that a petition facially satisfied the jurisdictional minimum. *See* Goosens v. AT & T Corp., No. EP-00-CA-002-DB, 2000 WL 33348222, at *2 (W.D. Tex. Apr. 3, 2000) (rejecting plaintiff's assertion that the damages alleged were less than $75,000). Specifically, the Court denied remand because (1) the back pay alone, based on the plaintiff's annual salary of $30,380, would soon exceed $75,000; (2) the claim for severe emotional distress based on "'overwhelming feelings of indignation, wounded pride, shame, despair and public humiliation'" both past and "'for a long time into the future'" was "likely to be substantial"; (3) the punitive damage award would "in all likelihood, . . . be at least equal to the amount of compensatory damages"; and (4) attorney's fees would further increase the recovery. Id. Here, as Defendant asserts, Plaintiff's lost wages would be calculated according to her previous hourly wage of $8.48 an hour, or $16,960 per year. Document No. 1 ¶ 7. Based on this figure, the amount accrued thus far is less than $20,000, well below the jurisdictional minimum, assuming that Plaintiff has not mitigated her damages to this date. Plaintiff's claim for emotional distress is more benign than that pled in Goosens. *See* id. ex. A ¶ 34 (listing "loss of sleep, anxiety, tension, depression, and humiliation"). Though these damages, together with the exemplary damages and attorney's fees, could arguably add up to a claim in excess of $75,000, such is not facially apparent from

the complaint and Defendant has presented no proof that such a large sum is actually in controversy. *Cf.* Guillory v. Chevron Stations, Inc., No. Civ. A. 03-2385, 2004 WL 1661201, at *2 (E.D. La. July 22, 2004) (finding a petition facially ambiguous as to the damage amount though it sought recovery for "past and future pain, suffering, and disability; past and future medical expenses; past and future loss of wages and salary; and past and future loss of enjoyment of life").

Defendant's conclusory assertion in its Notice of Removal that "it is possible that any one of [the damage] claims could exceed $75,000[,]" is insufficient to establish jurisdiction. *See* id. ¶ 7. *See also* Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) ("Removal . . . cannot be based simply on conclusory allegations."); Easley v. Pace Concerts, Inc., No. Civ. A. 98-2220, 1999 WL 649632, at *4 (E.D. La. Aug. 25, 1999) (finding a defendant did not meet its burden of proving jurisdiction when it failed to present "specific facts such as an affidavit or medical bills to support its allegation that the jurisdictional amount exceeds $75,000"). Moreover, the mere possibility of a recovery exceeding $75,000 does not prove, as Defendant must, that Plaintiff's claims more likely than not satisfy the amount in controversy requirement. *See* Allen, 63 F.3d at 1335 ("When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the

evidence that the amount in controversy exceeds $[75],000." (quoting <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55, 58 (5th Cir. 1993)).

Given the ambiguity in Plaintiff's complaint, and Defendant's generally conclusory assertions of jurisdiction, the Court may properly consider Plaintiff's unrebutted stipulation clarifying her claims for damages are for less than $75,000.  *See* Document No. 7 ex. A.  Defendant has neither responded nor carried its burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, and hence, the Court is unable to find that it has diversity jurisdiction.

## IV.   <u>Order</u>

For the foregoing reasons, it is

ORDERED that Plaintiff's Motion to Remand (Document No. 7) is GRANTED, and this case is REMANDED to the 127th Judicial District Court of Harris County, Texas.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 24th day of October, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE